IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN ISBELL, | § | |
| TDCJ No. 2472024, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-579-L-BN |
| | § | |
| SHERIFF OF JOHNSON COUNTY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Michael Dean Isbell, a Texas prisoner, convicted of possession of a controlled substance in Johnson County, Texas in 2023, submitted a filing *pro se* in this district on the form applicable to civil rights suits requesting that he be released from prison. *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Isbell's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

For a prisoner, whether to file a habeas action or a civil rights suit "depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought [in a civil rights suit]." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state

prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Because Isbell's civil rights suit seeks habeas-type relief, the undersigned entered a notice of deficiency that provided the explanation set out above and allowed

> Isbell an opportunity to amend his claims to state <u>either</u> a habeas action under [28 U.S.C. §] 2254 or a civil rights action under 42 U.S.C. § 1983. And the Clerk of Court shall attach to this order (1) a form Section 2254 habeas petition and (2) a form Section 1983 civil rights complaint.
> And, while Isbell has moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 4, the Court has not ruled on that motion, because however Isbell elects to characterize this lawsuit (as a habeas action or as a civil rights suit) will affect the Court's order on the IFP motion.
> In sum, if Isbell intends to prosecute either a habeas suit or a civil rights action in this Court, he must complete the appropriate form in full and sign and return it to the Court by **May 1, 2024**.

Dkt. No. 5.

Isbell timely responded and moved the Court "to proceed with the version of this case … as was sked in the 1983 format unamended," adding "[s]uch possession is necessary where in bivens attachment is an occurrence due to discrimination in the matter at hand." Dkt. No. 6.

The undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for the reasons and to the extent set out below.

## Discussion

First, to the extent that Isbell invokes *Bivens* as a basis for this lawsuit against state actors, a plaintiff may bring an action under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "against individual [federal employees] for [an] alleged constitutional violation," *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam), but *Bivens*, unlike Section 1983, is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017) ("Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.").

Consequently, insofar as Isbell sues only state actors, the Court should construe his references to *Bivens* as seeking relief under Section 1983.

Even so, Section 1983 does not provide the sole relief sought in the complaint – that Isbell be released from prison. *See Skinner v. Switzer*, 562 U.S. 521, 525 (2011) ("Where the prisoner's claim [against a state actor] would not 'necessarily spell speedier release,'" "suit may be brought under [42 U.S.C.] § 1983." (citation omitted)).

And, to the extent that Isbell may also seek monetary damages – because he claims, for example, that his unchallenged incarceration results from discrimination – he "demands relief [currently] barred by *Heck v. Humphrey*," 512 U.S. 477 (1994), and therefore "fails to state a claim." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)).

That is, a Section 1983 claim that "falls under the rule in *Heck* is legally

frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

> As to whether a particular civil claim is subject to the rule in *Heck*,
>
> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

*Heck* generally applies to claims for damages, but it applies equally where a suit seeks injunctive relief. *See, e.g.*, *O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec.*

*accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)).

Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

Because Isbell fails to show that the criminal conviction that underlies his civil claims has been reversed, invalidated, set aside, or otherwise resolved in his favor, the claims asserted – calling that conviction into question – are currently subject to the rule in *Heck* and thus not cognizable.

And, where this is the case, the Court should dismiss the lawsuit without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

## Recommendation

The Court should dismiss Michael Dean Isbell's 42 U.S.C. § 1983 claims with

prejudice to the extent that he seeks release from prison under Section 1983 and without prejudice to the extent that he may seek monetary damages, as such a claim is currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE