IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MICHAEL DEAN ISBELL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-579-L-BN** |
| § | |
| **SHERIFF OF JOHNSON COUNTY,**[1] § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

On April 23, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court construe Plaintiff's claims for relief as those brought pursuant to 42 U.S.C. § 1983;[2] dismiss with prejudice the claims to the extent that Plaintiff seeks release from prison under § 1983; and dismiss without prejudice the claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), to the extent he seeks monetary damages.

No objections to the Report have been received or docketed as of the date of this order, and the deadline for filing objections has expired. Further, Plaintiff has not sought an extension to file objections. Instead, Plaintiff filed a habeas corpus petition (Doc. 9). He also filed an Amended Complaint (Doc. 11) in which he seeks similar relief against additional Defendants. Both of these pleadings were docketed on May 7, 2024.

---

[1] **Plaintiff's original Complaint misspelled Sheriff as "Sherriff." The clerk of court is directed to revise the docket sheet to reflect the correct spelling as "Sheriff."**

[2] The Report notes that, in response to an Order and Notice of Deficiency (Doc. 5) requiring Plaintiff to state whether his claims are brought pursuant to 28 U.S.C. § 2255 or 42 U.S.C. § 1983, he filed a Motion to Proceed (Doc. 6) under section 1983. The Motion to Proceed also mentions "Bivens" in passing. Doc. 6. The magistrate judge nevertheless recommends that Plaintiff's claims be construed as those for relief under section 1983.

**Order – Page 1**

Having considered Plaintiff's original Complaint (Doc. 1), the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as **supplemented and modified** by of the court in this order.

Ordinarily, "[a] court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted). Plaintiff filed an Amended Complaint (Doc. 11) after issuance of the Report, but he seeks similar relief against additional Defendants without addressing the deficiencies identified by the magistrate judge, and the section 1983 claims in this amended pleading simply repeat the same pleading deficiencies.

Moreover, the deficiencies identified by the magistrate judge cannot be cured by amendment, although the Report correctly notes that a *Heck* "dismissal does not preclude a later claim meeting the preconditions for suit." Report 5 (citations omitted). The court, therefore, determines that Plaintiff's original and amended section 1983 claims fail for the reasons explained by the magistrate judge, and that further amendment by Plaintiff is not warranted because amendment is either futile or *Heck's* preconditions for suit cannot be cured in this proceeding.[3] For similar reasons, the court determines that Plaintiff has pleaded his best case such that giving

---

[3] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**

him an opportunity to amend would be futile and unnecessarily delay the resolution of this litigation and his section 1983 claims.

Accordingly, the court **construes** Plaintiff's claims for relief as those brought pursuant to 42 U.S.C. § 1983. The court also **dismisses with prejudice** Petitioner's claims to the extent that Plaintiff seeks release from prison under § 1983. To the extent Petition seeks monetary damages, his claims are also "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (citation omitted).

Rather than addressing Plaintiff's habeas corpus petition or returning this matter to the magistrate judge for further proceedings, the court **directs** the clerk of court to open a new civil habeas action; file the Petition for Writ of Habeas Corpus (Doc. 9) in the new action; and randomly assign the new action to a district judge and magistrate judge in accordance with the usual procedure for newly filed habeas actions.

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court incorporates by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 6th day of June, 2024.

Sam A. Lindsay
United States District Judge